**SIDELL, In re.**

Common Pleas Court, Franklin County.

No. 171785. Decided December 30, 1948.

Roscoe R. Walcutt, Alfred J. Henney, Columbus, on behalf of the appellant.

Richard W. Gordon, City Atty., Columbus, on behalf of the appellee.

## OPINION

By RANDALL, J.

This case is an appeal on questions of law from an order of the Civil Service Commission of Columbus, Ohio, sustaining the order of the appellee, Charles C. Cole, Director of Public Safety, cancelling the alleged temporary appointment of appellant to the position of captain.

Since the facts were well summarized in the brief of appellee, and inasmuch as the facts are really not in dispute, we adopt the statement of facts in said brief, as follows:

As a lieutenant in the Fire Department, Sidell took and passed a promotional examination for captain and was placed on an eligible list. This list became effective on April 22, 1943, containing twelve names. Sidell was twelfth on such list.

Ordinance No. 37-45, in effect during the period of time involved in this appeal, provided for 36 captains. As of April 1, 1945, all 36 positions had been filled by appointment. Thirty-four of these captains were on active duty and two, Barr and McDonald, had been granted leaves of absence by reason of entry into the armed forces. On April 1, 1945, two

lieutenants, Raymond Ely (originally 11th on eligible list) and Sidell (originally 12th on eligible list) were appointed temporary captains. As shown by exhibits B-1, B-2, B-3 and B-4, the certification of the Civil Service Commission and the appointment of Sidell were only for the temporary position of captain because of the absence of the incumbent due to military service. After the appointments of Ely and Sidell there were 36 permanently appointed captains and 2 temporary captains, 2 of the permanent captains being absent from their duties due to military service.

On April 12, 1945, a vacancy in the permanent rank of captain was created due to the honorable discharge of Max Stuart. On April 21, 1945, Ely, who had been serving as temporary captain and who originally had stood 11th on the eligible list, was appointed to fill this vacancy.

On April 22, 1945, the eligible list for captain, then containing only the name of Sidell, having been in existence for two years, expired by virtue of state statute.

On April 22, 1945, James B. Logan was given an emergency provisional appointment as temporary captain to fill the temporary position formerly held by Ely. After this appointment there were again 36 permanently appointed captains and 2 temporary captains, one of the latter being provisional.

On May 20, 1945, another vacancy was created in the permanent rank of captain due to the honorable discharge of Walter B. Parysch. This vacancy arose subsequent to the expiration of the eligible list, such list having expired on April 22, 1945. This vacancy was not filled, leaving 35 permanently appointed captains and 2 temporary captains.

On November 16, 1945, Barr returned from military service.

On January 18, 1946, Logan, who on April 22, 1945, had been given an emergency provisional appointment as a temporary captain, was honorably discharged.

On January 22, 1946, McDonald returned from military service, completing the return of all captains absent with military leave.

On March 1, 1946, Sidell was dropped as temporary captain by order of the Director of Public Safety of February 28, 1946. (Ex. F-1).

In summary, at all times until the honorable discharge of Parysch on May 20, 1945, there were, including the two captains on military leave, 36 regularly appointed permanent captains completing the quota authorized by ordinance. After May 20, 1945, there were 35 such permanent captains with 36 being authorized by ordinance, but there was no existing eligible list for promotion to captain, such list, then containing the name of Sidell only, having expired on April 22,

1945. From April 21, 1945, to April 22, 1945, Sidell was the only name remaining on the eligible list, Ely (No. 11 on list) having been appointed a permanent captain on April 21, 1945. No vacancy occurred between Ely's appointment on April 21, 1945, and the expiration of the eligible list the next day.

Appellant contends, first, that as a matter of law his appointment as captain was a permanent appointment, subject to cancellation only upon the return of the person in the military service whose position he had been appointed to fill. Secondly he contends that the Director of Public Safety was without power to demote him from his position as captain by reason of the return of a veteran to his former position after said veteran had already been restored to his former position.

Appellee on the contrary insists, first, that no vacancy existed in the permanent rank of captain at any time when Sidell stood at the head of any eligible list, and Sidell was never appointed to the permanent rank of captain, and secondly, that even if Sidell had been appointed to the permanent rank of captain, the return from military service of the only two incumbents in said service, would have necessitated his reduction to lieutenant.

We will briefly state our conclusions on the issues thus made by the parties in their respective briefs. In form, at least, the appointment of appellant to the captaincy was temporary in nature. The certification by the Civil Service Commission of his name was for "vacancy due to military leave," indicating that the permanent position was still held by the one in military service, else the term "leave" would not have been employed.

Furthermore, the second paragraph of the letter from the director, advising appellant of his appointment, very definitely limited the appointment to a temporary one in the following words: "This appointment made from municipal civil service certification No. 387, is a temporary one due to the absence of an incumbent in that position in the military service."

It is claimed, however, that as a matter of law under the circumstances the appointment had to be and was permanent subject to being vacated upon the request of the returned veteran if no other permanent position as captain was open when he returned. On the other hand, appellee cites ordinance No. 500-42 of the city of Columbus, which provides that employes who enter the military service shall be granted a leave of absence for the duration of the emergency and that appointments to fill their position shall be temporary and only for the period during which such employees on such leave

are serving in the employ of the United States during the national emergency.

This ordinance further provides that said temporary appointees shall be returned to their original positions at the end of said leaves of absence. The ordinance further provides that such persons so appointed to fill vacancies of persons on leave of absence in the military service shall hold their positions only until the end of the period of leave of absence from which such vacancy resulted and such employe returns to his position.

Appellant contends that ordinance No. 500-42 is void for the reason that it is in conflict with the state civil service laws and §486-16a GC relating to civil service employes absent in the military service.

Apparently in making the appointments to fill vacancies because of military absence, the Director of Public Safety did follow the provisions and terminology of the ordinance above referred to. Furthermore, we recognize the principle that any legislation of a city pertaining to the appointment of members of a fire department which is in conflict with the state law is void and of no effect. However, if the ordinance is but an interpretation of the state law and does not offend against the provisions thereof, the manner and form of the appointment and the subsequent demotion of appellant, if not in violation of the statute, would be valid notwithstanding the particular words which were employed in the certification and the appointment.

The objective of both the state legislature and the city council in enacting the statute and ordinance respectively was to guarantee that when the veteran returned his position would be open and available to him if he desired it. In our opinion there is no essential difference between the statute and the ordinance in so far as the provision for appointment to fill the vacancy is concerned. The so-called permanent appointment by the terms of the statute was not in fact permanent, but subject to cancellation upon the return of the veteran and upon his request. Furthermore, the state law provides that when the veteran has been restored to his position, the former incumbent who hasn't entered the military service shall be demoted to the next lower rank and the youngest classified employee in point of service in the next lower rank shall be demoted and so on down until the youngest employe in point of service has been reached, who shall be laid off, if necessary.

The words "shall be demoted" are mandatory in character and in our opinion may not be considered to mean that the appointing authority may in the alternative permit the former

incumbent to remain in a like position and with like rank if there is a vacancy. That might have been provided by statute, but it was not. Appellant, however, contends that the statute provides in effect that the former incumbent shall be demoted only if necessary. He quotes in part §486-16a GC, and would construe the antecedent of the words "if necessary" to be the words "shall be demoted to the next lower rank." However, the more reasonable construction of the statute is that the antecedent of said words "if necessary" are the words immediately preceding, to wit, "who shall be laid off." This interpretation is not only in accordance with proper legal rules of construction as pointed out in Stevens v. Illinois Central Railway Co., 306 Ill. 370, 137 N. E. 859, cited by appellee, but to construe it otherwise would do violence to the plain context. The words "if necessary" would be awkward and disjunctive if construed as referring to the mandatory words "shall be demoted to the next lower rank."

It appears, therefore, that the plain duty of the director was to follow the statute and demote the appellant or appoint him to a vacancy as captain if he was in a position on an eligible list to be so certified. The eligible list, however, had expired when the first vacancy occurred after appellant's temporary appointment. At no time prior to the discharge of Captain Parysch was appellant at the head of an eligible list for appointment as captain and at that time the entire eligible list, including the appellant, had expired.

Since the state law provided not only that the appointment should be subject to cancellation upon return of the veteran, but that upon the return of the veteran, the person holding his position should be demoted to the next lower rank, it would seem that although the statute does not employ the word "temporary," that nevertheless by the very terms of the law it was temporary in character. The mere fact, therefore, that the city ordinance characterized the appointment to fill such a vacancy as a temporary appointment is unimportant. There is in fact no irreconcilable conflict between the ordinance and the statute since by the terms of both, the appointment to fill a position in the civil service because of military absence was in fact temporary.

What we have said with reference to the nature of the appointment in question is equally applicable to the second contention of appellant that when the veteran has returned and has been restored to his position, there is then no authority to demote him. As we have demonstrated from the express language of the statute, there was not only authority to demote the appellant, but a specific mandatory requirement that he be demoted. The words "if necessary," as employed in the

fifth paragraph of §486-16a GC, plainly refer back to the words "until the youngest employee in point of service has been reached, who shall be laid off."

Furthermore, if, in fact, the city ordinance under which appellant was appointed to an alleged temporary position was invalid, it would then be reasonable to assume that no valid appointment of any character was in fact made.

The record discloses also that the appellant was allowed to serve as captain for a period of more than a month after the time when he should have been demoted because of the return of the veteran to his position. This fact in our opinion does not operate to cause the temporary appointment to ripen into a permanent one.

In conclusion, we find no error in the proceedings of the appellee, the Director of Public Safety, cancelling the appointment of appellant as temporary captain, and the same will be affirmed.

Since appellant and appellee have agreed that the decision in this case shall operate as a decision on like appeals in cases numbers 171,783, 171,784 and 171,786, appropriate journal entries may be presented sustaining the order of the director in said cases, as well as in the instant case.